UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE PERSON | : | Case No. 1:07-CV-3516 |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM & ORDER** |
| Respondent. | : | |

Before the Court is Petitioner Andre Person's Motion for Relief under 28 U.S.C. § 2255. (Doc. 1) The United States filed a response to this Motion (Doc. 5), and Person did not file a reply to the United States' response.[1] For the following reasons, Person's motion is **DENIED**.

**BACKGROUND**

On January 9, 2007, a federal grand jury returned a seven-count indictment against Person and two co-defendants. (*See* Case No. 1:07-CR-22.) That indictment alleged that Person had committed: (1) a single count of conspiracy, in violation of Title 18, United States Code, Section 371; (2) five counts of access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2); and (3) one count of aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1). At the time Person was charged with these crimes, he had been incarcerated by the State of Ohio for approximately 20 months for a parole violation. Indeed, it

---

[1] The Court is, however, in receipt of a letter from Person highlighting his accomplishments in prison. While the Court lauds Person for his steps towards law-abiding behavior, they do not provide a basis for relief under § 2255.

appears from the record that the State had determined that Person had violated his parole for the same conduct for which he was ultimately indicted.

On May 16, 2007, Person plead guilty to all counts of the indictment, without the benefit of a plea agreement.

On July 25, 2007, this Court sentenced Person. At the sentencing, Person argued that the Court should "credit" the 20 months he had already served for his parole violation and depart downwards from the sentence recommended by the United States Sentencing Guidelines, because to do otherwise would, effectively, punish Person twice for the same conduct. The Court rejected that argument, noting on the record that, although it had the right to consider a departure, it did not find the type of circumstances present that would warrant one. The Court, indeed, explained that Person's situation was exactly "what happens when [someone] commit[s] a federal offense [while] on state parole . . . [that individual] gets punished twice for the same conduct." (Doc. 5-1 at 3.) The Court ultimately sentenced Person to a total of 54 months in federal custody, to be served consecutively with his state parole violation.

Person did not object to his sentence, appeal his sentence, nor appeal his conviction.

On November 9, 2007, Person filed this motion, asserting that the Court should resentence him, this time crediting the 20 months he served in state custody prior to federal indictment, because the "Sentencing Commission did not consider [the] interplay between [the] Parole Commission [and the] Sentencing Guidelines."

## ANALYSIS

### A. Standard of Review

A petitioner who moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was

2

in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

A petitioner seeking relief under § 2255 must allege that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Pough v. United States*, 442 F. 3d 959, 964 (6th Cir. 2006). The petitioner has the burden of sustaining his allegations by a preponderance of the evidence. *Id.* at 964; *see also McQueen v. United States*, 58 Fed. Appx. 73, 76 (6th Cir. 2003) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence." (citation omitted)).

Finally, absent a showing of "cause and prejudice" or "actual innocence," a petitioner may not assert a claim in a § 2255 petition that he could have raised on direct appeal, but did not. *Swain v. United States*, 155 Fed. Appx. 827, 830 (6th Cir. 2005) (citing *Bousley v. United States*, 523 U.S. 614, 622-23 (1998)).

### B. Person Procedurally Defaulted His Claim

As an initial matter, Person's motion is not well-taken because he procedurally defaulted this claim. Although Person could have appealed his sentence to the Sixth Circuit on direct appeal, he chose not to do so. Person does not assert any "cause" for this failure, nor does Person assert that he is "actually innocent." Accordingly, his motion must be denied for this reason alone.

### C. Even if Person Had Not Defaulted His Claim, His Motion Would Still be Denied

The Court notes that Person's claim would not be well taken as a substantive matter even if the Court were empowered to consider it.[2] Person is mistaken to assert that the Sentencing Commission did not consider his situation. Rather, the Sentencing Commission recommends that

---

[2] The Court also notes, as indicated above, that it explicitly considered whether Person's sentence should run concurrently to his parole violation during sentencing.

district courts do precisely what this Court did; impose any new sentence concurrent to terms of imprisonment for a parole violation. *See* U.S.S.G. § 5G1.3 n.3C ("[T]he Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence impose for [parole] revocation.").[3]

### CONCLUSION

For the aforementioned reasons, Person's Motion for Relief Under § 2255 (Doc. 1) is **DENIED**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith. The Court will not issue a certificate of appealability in this case because Person has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                      s/Kathleen M. O'Malley
                                                      **KATHLEEN McDONALD O'MALLEY**
                                                      **UNITED STATES DISTRICT JUDGE**

Dated: February 1, 2010

---

[3] In Person's description of his claim for relief, Person asserts that the sentence imposed was in excess of the maximum sentence allowed by the Guidelines. Presumably, Person is arguing that it was inappropriate for the Court to impose a concurrent sentence, which, as explained above, is not correct.

4